VILLAGE OF PRAIRIE DU SAC, Respondent, vs. KRAMER and
·another, Appellants.

*November 8, 1927—January 10, 1928.*

*Courts: Municipal corporations: Action to recover forfeitures:
Jurisdiction: Of police justice: Of circuit court.*

> The circuit court has jurisdiction to entertain an action by a
> village to recover forfeitures exceeding $200 incurred by
> defendants' erection of a building within the fire district with-
> out first obtaining a proper permit as provided by ordinance,
> since the prosecution of such cases is not confined exclusively
> to the village justice acting as police justice.

APPEAL by the defendants from an order of the circuit
court for Sauk county: AUGUST C. HOPPMANN, Circuit
Judge. *Affirmed.*

For the appellants there was a brief by *Bentley & Frenz*
of Baraboo, and oral argument by *J. W. Frenz* and *Frank R.
Bentley.*

For the respondent there was a brief by *Grotophorst,
Quale & Langer* of Baraboo, and oral argument by *Nor-
man Quale.*

DOERFLER, J.   The plaintiff is a village organized and
existing under the general statutes.   The action is brought
to recover certain forfeitures incurred by the erection of a
building within the fire district without first having obtained
a proper permit therefor, as is provided by the ordinances
of the village.   The amount sued for and recovered was in
excess of $200, exclusive of costs.

Is the prosecution of cases for a violation of village ordi-
nances in this state confined exclusively to the police justice
of the village or to the village justice acting as police justice?
Defendants' counsel argue that it is, while the contrary view
is taken by counsel for the plaintiff.   The solution of the

question involves a consideration of the provisions of sec. 61.30 of the Statutes. This section treats of the village justice, and reads in part as follows:

"He shall have concurrent jurisdiction and powers throughout the county with other justices of the peace. He shall hold the police court and shall have exclusive jurisdiction of all cases arising under the ordinances and by-laws of such village."

If the second sentence above quoted from sec. 61.30 stood alone, and if we left out of consideration the history of this section, we would be forced to concede the correctness of the contention of defendants' counsel. But this section concerns itself with the office, jurisdiction, powers, and duties of a village justice, and we are solely interested with that portion of the section which defines the *jurisdiction* of the justice. The legislature by this section clothed the village justice with the jurisdiction and powers of a justice of the peace in the county, and, as expressed in the statute, he is given *concurrent* jurisdiction with other justices of the peace. In addition, however, to this concurrent jurisdiction, the village justice, as compared to other justices in the county, is given additional jurisdiction and powers, which consist of cases arising under the ordinances and by-laws of the village. The effect of the entire provision, in so far as it concerns the question of jurisdiction, is to deprive justices of the peace generally in the county of jurisdiction to prosecute cases under the ordinances and by-laws, and to vest this jurisdiction, in so far as justices of the peace are concerned, solely in the village justice. It appears, therefore, from what has been thus far said that there is great plausibility in the position taken by plaintiff's counsel.

Sec. 61.30 in the Revised Statutes of 1878 was known as sec. 885. In defining the jurisdiction of a village justice, said sec. 885 reads as follows:

"He shall have concurrent jurisdiction and powers

throughout the county with other justices of the peace; and whenever there shall be no police justice in such village, he shall have exclusive original jurisdiction as such justice of all criminal cases arising therein, and of all cases arising under the ordinances and by-laws of such village. . . ."

The first marked change which is to be observed in comparing the two sections as they are contained respectively in the Statutes of 1878 and 1925 consists of the elimination of that part of sec. 885 which vests exclusive original jurisdiction in the village justice with respect to all criminal cases arising within the village. Clearly, had this provision as to criminal jurisdiction been left out of sec. 885, any justice of the peace within the county would have possessed the original criminal jurisdiction necessary in the prosecution of criminal cases arising in the village. So that under sec. 885 the criminal jurisdiction of a justice of the peace in the county generally, was in effect restricted, while the village justice was vested with that jurisdiction of which the justices generally were deprived. Clearly, in sec. 885 of the Statutes of 1878 the legislature set up a comparative jurisdictional standard. If sec. 61.30 contained no provision with reference to jurisdiction for the prosecution of violations of village ordinances and by-laws, the jurisdiction of all justices of the peace of the county upon this subject would be equal to that of the village justice, and the exclusiveness of the jurisdiction of the village justice in actions under the ordinances and by-laws of the village results solely from the legislative act by which justices of the peace generally have been deprived of a part of their jurisdiction, which was vested exclusively in the village justice.

An examination of sec. 61.30 of the Statutes of 1925 and sec. 885 of the Statutes of 1878 also discloses that all of the provisions above quoted from sec. 885 are contained in one sentence, while the provisions of sec. 61.30 above quoted are contained in two sentences. It becomes quite clear that the

only material change which has been wrought by sec. 61.30 consists of the elimination of that part of sec. 885 of the Statutes of 1878 which clothed the village justice with certain exclusive original criminal jurisdiction. With this exception, it is not apparent to us that it was the intention of the legislature to effect any other change.

Under the provisions of sec. 300.05 (10) of the Statutes of 1925, the jurisdiction of justices of the peace generally is limited in contract actions and in actions brought to recover forfeitures and penalties to the sum of $200. The circuit court in this state is a court of general jurisdiction. An examination of the statutes fails to disclose an express provision which takes away from the circuit court any part of its general jurisdiction in so far as it may be said to include actions for the recovery of forfeitures and penalties incurred under village ordinances and by-laws. It must also be conceded that the prosecutions of such actions are confined largely to police or municipal courts; that matters involved in such prosecutions are of local interest; and that they require a prompt, speedy, and inexpensive disposition. Furthermore, it must be conceded that from the time of the adoption of our constitution and of the Statutes of 1849 it has been the nigh universal practice to bring all such actions before the village justice acting as a police justice, or before the police justice proper. But, conceding all this, the fact still remains that the law-making power of Wisconsin has not seen fit to restrict or limit, in the respect herein mentioned, the jurisdiction of the circuit court.

Sec. 61.63 is a general procedural statute for actions under the village ordinances and by-laws. This section in part reads as follows:

"All fines, forfeitures and penalties imposed by any ordinance . . . of the village board *may* be collected in an action in the name of the village before the police justice, to be com-

menced by warrant and prosecuted in the same manner as actions of tort before justices of the peace. . . ." (Italics ours.)

Sec. 65 of ch. 188 of the Laws of 1872 created sec. 61.63 of the Statutes in form very similar to that of its present existence. It then read as follows:

"All actions brought to recover any fine, penalty or forfeiture for a violation of this act, or any ordinance, . . . enacted by the board of trustees of any village in pursuance thereof, *shall* be brought in the corporate name of such village. . . ." (Italics ours.)

In the revision of 1878 this section was numbered 916, and was changed to read as follows:

"All fines, forfeitures and penalties imposed by any ordinance . . . of the village board *may* be collected in an action in the name of the village, before the police justice, to be commenced by warrant and prosecuted in the same manner as actions of tort before justices of the peace. . . ." (Italics ours.)

In sec. 65 of ch. 188 of the Laws of 1872 the procedure outlined by the legislature was made mandatory, for it used the word *"shall."* In the revision of 1878 the word *may* was substituted in place of the word *shall.* This change in the statute is very significant, and indicates a legislative intent to recognize a jurisdiction in the enforcement of actions for violations of ordinances in a court outside of that of the police justice or the village justice acting as such, and that court alone can be the circuit court.

With the enactment of secs. 61.30 and 61.63 it would appear to us that the legislature had made provision for the enforcement of all actions providing for forfeitures and penalties for violation of village ordinances and by-laws. Anticipating, however, the possibility of the existence of certain cases of forfeitures and penalties which might not

have been provided for in the legislation above referred to, the legislature enacted in the Statutes of 1878 what is known as sec. 3303, now sec. 288.10 of the Statutes. Being of the opinion, however, that all cases of municipal forfeitures and penalties should be treated alike, the legislature in this section also used the word "may" instead of "shall," so that there was manifested a distinct legislative intent to leave it optional to prosecute these actions either in the village justice court, or in the court of a police justice, or in the circuit court.

As stated above, the jurisdiction of a justice court, both in actions on contract and for the recovery of forfeitures and penalties, is limited to $200. While an action on contract involving less than $200 may be brought in the circuit court, nevertheless few actions of that caliber appear upon the calendars of that court, and the reason therefor is evident. Circuit court actions are not brought on as promptly for trial, and the proceedings in that court are more expensive. Therefore, to insure speedy justice at a minimum expense, the justice courts are resorted to. Furthermore, in order to dissuade the bringing of petty actions in the circuit court, the legislature has limited the amount of the costs recoverable. The foregoing reasons which impel contract actions which involve less than $200 to be brought in the justice court are even more pronouncedly operative in inducing the prosecution of cases involving violations of ordinances and by-laws of villages in the local courts. In fact, this is the first instance in the rather long and protracted experience of the writer where he has heard of the prosecution of such a case in the circuit court. Few penalties or forfeitures provided for by village ordinances exceed the general jurisdiction of a justice court, but where they do they must be brought in the court having jurisdiction, and that court is the circuit court.

More than sixty days after the entry of the judgment in the lower court, and after the term in which the action was tried had expired, an application was made to the court to

set aside the judgment because the court had no jurisdiction. An order was entered denying the application, and from this order defendants have appealed. In view of our holding, however, which sustains the jurisdiction of the circuit court, the application to set aside the judgment was properly denied.

*By the Court.*—The order of the lower court is affirmed.